PER CURIAM
*536 The Office of Disciplinary Counsel ("ODC") commenced an investigation into allegations that respondent mismanaged her client trust account. Respondent then failed to cooperate with the ODC in its investigation of the complaint filed against her. Following the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Kevin Lovell James, Louisiana Bar Roll number 24129, be suspended from the practice of law for a period of one year and one day. All but thirty days of this suspension shall be deferred, followed by a two-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Clark and Genovese, JJs, would reject consent discipline.
Crichton, J., would reject consent and discipline and assigns reasons.
Crichton, J., would reject the petition for consent discipline.
I dissent from the per curiam, because, in my view, the discipline of one year and one day, with only thirty days deferred, is too lenient. Respondent herself stipulated that she as grossly negligent in the mismanagement of her client trust account. Further, I find respondent's failures to respond the Office of Disciplinary Counsel in its investigations of that mismanagement to be egregious.
With respect to Count I, Respondent initially failed to respond to the ODC's notice of a June 2017 overdraft of her client trust account. After ODC issued a formal complaint, respondent submitted a request for an extension of time to respond, but the account was again overdrawn. She was then sent notice of the second overdraft, but failed to respond to that notice, requiring the ODC to send a second request for a response. At that point, by now months later in October 2017, respondent again requested another extension of time. The ODC granted her that courtesy, but she again failed to respond. After a third request for a response from the ODC, respondent provided some materials, but it was incomplete. Thus, ODC had to request additional documentation, leading to a similar circle of events in which respondent again requested additional time, which was granted by ODC, but did not submit the supplemental materials.
In March 2018, another subpoena duces tecum was served upon respondent. The following month, she submitted a supplemental response with additional documentation. In May 2018, the ODC asked respondent to submit a supplemental response and documentation. Again, she requested an extension of time to respond, which was granted, but-yet again-she did not submit the supplemental *537 response. This required a second subpoena duces tecum to be served upon respondent. In August 2018, respondent requested an extension, and the ODC again accommodated her request. Despite the ODC's repeated accommodations of respondent's requests for extensions, respondent failed to provide the ODC with requested documentation. Respondent ultimately failed to make any further contact with the ODC regarding the issues in Count I.
With respect to Count II, in May 2018 respondent again overdrew her client trust account. The ODC notified her of the overdraft and requested a response, but she failed to respond to the correspondence and a formal complaint was opened. In July 2018, respondent received notice of the complaint along with a request for an initial response and documentation. When respondent did not submit a response, the ODC sent her a second request. In August 2018, respondent requested an extension of time to respond, and the ODC again accommodated her request. Still receiving no response, the ODC issued a subpoena duces tecum requesting specific documentation. Thereafter, respondent advised that she would provide the requested documentation by November 12, 2018. However, she did not submit the documentation and has had no further contact with the ODC in regard to the investigation of the issues in Count II.
For these reasons, I find her conduct warrants a more lengthy suspension of one year and one day, with no time deferred.
Genovese, J., would reject consent discipline.